IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gene Meeker,                                              Case No. 3:15CV2207

        Plaintiff

    v.                                                    **ORDER**

Owens-Illinois, Inc. et al.,

        Defendants

    This is a dispute over the proceeds of a life-insurance policy.

    In 2015, plaintiff Gene Meeker filed a complaint in the Common Pleas Court of Lucas County, Ohio, for declaratory relief against defendants Owens-Illinois, Inc.; John Hancock Retirement Plan Services, LLC; Matrix Absence Management, Inc.; Metropolitan Life Insurance Company; and Reliance Standard Life Insurance Company.

    Meeker alleged that, after the death of his wife Debby, who worked for Owens-Illinois, he did not receive the proceeds of Debby's life-insurance policy.

    The defendants removed the case to this court, contending that Meeker's claim implicated the Employee Retirement Income Security Act, and that the court accordingly had federal-question jurisdiction.

    My colleague, District Judge Jeffrey J. Helmick, who presided over this case until disqualifying himself in April, 2016, allowed MetLife to deposit the proceeds of the life-insurance

policy into the court's registry and dismissed it from the case. (Doc. 44). Judge Helmick also dismissed, on the parties' stipulation, the remaining four defendants. (Doc. 58).

All that is left of the case is Meeker's unopposed motion for summary judgment (Doc. 45).

For the following reasons, I grant the motion.

## Background

Meeker's summary-judgment motion contains an undisputed statement of facts, which I adopt in full:

> Gene A. Meeker and Debra L. White were married on February 28, 1981[,] in Lucas County, Ohio. Prior to marrying Mr. Meeker, Debby had been married to Jay Beach and they were divorced in Lucas County Court of Common Pleas, Domestic Relations Division, case no. 75-1905. During the marriage of Gene and Debby, Debby was employed at Owens-Illinois.
>
> As a benefit of her employment, Debby was entitled to Basic Life Insurance coverage under the Owens-Illinois Plan ("Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Owens-Illinois and funded by a group life insurance policy issued by MetLife. MetLife administers claims in accordance with ERISA and documents and instruments governing the Plan. The Plan's facility of payment provision states:
>
>> If there is no Beneficiary designated or no surviving designated Beneficiary at Your death, We may determine the Beneficiary to be one or more of the following who survive You:
>>
>> • Your Spouse;
>> • Your child(ren);
>> • Your paren(s) [sic]; or
>> • Your sibling(s).
>>
>> Instead of making payment to any of the above, We may pay Your estate. Any payment made in good faith will discharge our liability to the extent of such payment. If a Beneficiary or payee is a minor or incompetent to receive payment, We will pay that person's guardian.
>
> Debby Meeker died on May 5, 2015. At the time of her death, Debby was enrolled under a Plan for Basic Life Insurance in the amount of $45,000.00 but did

not have a beneficiary form on file. On May 15, 2015, MetLife received documents from Owens-Illinois, including a "Judgment Entry" granting a divorce to Debby and Gene Meeker dated June 4, 2002. This "Judgment Entry" created confusion about who was the proper beneficiary. In the event Mr. Meeker was not Debby's surviving spouse, then Third party Defendant Dotty McPhail, Debby's sister, would be the proper beneficiary.

The "Judgment Entry," however, was a complete fraud. Gene and Debby Meeker were never divorced. Clearer copies of the "Judgment Entry," which purports to be from 2002, are attached as Exhibit E with an authenticating affidavit and Plaintiff asks the Court to take judicial notice of the following facts:

1. Bernie Quilter was the Lucas County Clerk of Courts beginning April 15, 1999 to the present, not Carol Pietrykowski.

2. The case number for the "Judgment Entry" is the same as for Mrs. Meeker's divorce from Jay Beach which took place in 1976.

3. The Judge, Robert Foster, who purportedly signed the "Judgment Entry" in 2002, died in 1977.

4. The purported court seal on the "Judgment Entry" is actually a notary seal which was cut out and pasted on the document.

Mr. Meeker did not create this "Judgment Entry," does not know who created it or why, and testifies that he was Debby's husband at the time of her death.

(Doc. 45 at 4-6) (internal citations omitted).

## Discussion

Summary judgment is appropriate under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

Here, the undisputed evidence establishes Meeker is a "beneficiary" under both ERISA and his late wife's life-insurance policy.

ERISA defines a "beneficiary" as a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Likewise, the MetLife plan provides that, in the absence of a designated beneficiary, a surviving spouse will be entitled to the proceeds.

Because a reasonable jury could conclude only that Meeker is entitled to the proceeds of Debby's life-insurance plan, Meeker is entitled to summary judgment.

It is, accordingly,

ORDERED THAT:

1. Plaintiff Gene Meeker's motion for summary judgment (Doc. 45) be, and the same hereby is, granted;

2. Plaintiff's counsel shall submit a proposed order for disbursement of funds that complies with Local Rule 67.2; and

3. Defendants' motion to dismiss (Doc. 20) be, and the same hereby is, denied as moot.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge